UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD SCOTT,<br><br>              Plaintiff,<br>    v.<br><br>KEITH DEVOS et al.,<br><br>              Defendants. | CASE NO. 3:25-cv-05311-RSL-SKV<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 5) |

This matter comes before the Court on Judge S. Kate Vaughan's denial (Dkt. No. 6) of Plaintiff's motion for recusal.  (Dkt. No. 5.)  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Vaughan's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

On June 6, 2025, Judge Vaughan issued an order directing Plaintiff to show cause, within 30 days, why his complaint should not be dismissed for failure to state a claim. (Dkt. No. 4.) On June 20, 2025, Plaintiff responded to the order to show cause. (Dkt. No. 5.) In his response, Plaintiff speculated that Judge Vaughan's order stemmed from bias against sex offenders and a desire to delay settlement in this case. (*Id.* at 2.) Plaintiff asked for this case to be re-assigned to a different judge. (*Id.* at 3.) Judge Vaughan construed Plaintiff's response as a motion for recusal, and declined to recuse herself, finding no justification for doing so. (Dkt. No. 6.)

To the extent Plaintiff's motion for recusal is predicated on disagreement with Judge Vaughan's order, this does not constitute a basis for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

1  The Court finds no evidence that would lead a reasonable person to question Judge

2 Vaughan's impartiality.  Accordingly, the Court AFFIRMS Judge Vaughan's denial (Dkt. No. 6)

3 of Plaintiff's motion for recusal.  (Dkt. No. 5.)

5  Dated this 18th day of July, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 5) - 3