1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7  RICHARD SCOTT,

8                    Plaintiff,

9        v.

10  KEITH DEVOS, et al.,

11                    Defendants.

12

Case No. C25-5311-RSL-SKV

REPORT AND RECOMMENDATION

13  <u>INTRODUCTION AND BACKGROUND</u>

14        Plaintiff Richard Scott is a civil detainee housed at the Special Commitment Center

15  (SCC) on McNeil Island in Pierce County, Washington.  Proceeding pro se, Plaintiff filed a

16  proposed civil rights complaint under 42 U.S.C. § 1983.  Dkt. 1.  The Court issued an Order

17  identifying deficiencies in the proposed complaint and directed Plaintiff to show cause why this

18  case should not be dismissed.  Dkt. 4.

19        Plaintiff timely filed a response denying that this matter is subject to dismissal and a

20  proposed amended pleading.  Dkt. 5.  The amended pleading names as Defendants SCC CEO

21  Keith Devos and former SCC CEO/Superintendents Flynn, Mark Strong, Cunningham, Sjan

22  Talbert, Dr. Richards, and Van Hook.  Dkt. 5-1.  As with the original proposed pleading, the

23  amended pleading consists of a sparsely worded complaint including a single claim alleging

Plaintiff was exposed to asbestos during his confinement at SCC.  *See id.*  Plaintiff also raises the same allegations he raised in the original proposed pleading.  *Compare* Dkt. 1 at 1-4, *with* Dkt. 5-1 at 2-3.  That is, he alleges "he has been exposed to asbestos since the Total Confinement Facility (TCF) was moved . . . to the old [Department of Corrections (DOC)] Camp buildings which contained asbestos, in 2004[,]" and that, "a [year] back", Devos informed all residents about the asbestos, that efforts were made at that time to remove the asbestos, and that those efforts remain ongoing.  Dkt. 5-1 at 2-3.  He also alleges that the named Defendants "knew or should have known there was asbestos in the old DOC Camp Buildings but failed to have it removed."  *Id*. at 2.  Finally, he seeks $10,000 a year, from 2004 to the present, as relief, due to the knowing exposure to asbestos and "for failure to act."  *Id*. at 3.

Plaintiff has a long history of abusive litigation tactics and is the subject of a bar order and case management orders in the Western District of Washington for proceedings *in forma pauperis* (IFP).  *See Scott v. Weinberg*, C06-5172-FDB, 2007 WL 963990 (W.D. Wash. Mar. 26, 2007) (declaring plaintiff a vexatious litigant and prohibiting filings IFP unless he is determined to be in imminent danger of death or serious injury); *Scott v. Seling*, C04-5147-RJB, Dkts. 152 & 170 (Case Management Orders).  He also previously filed a case very similar to the current matter, raising the same claim for relief and naming or seeking to name all of the same individuals as defendants.  *See Scott v. Devos*, C25-5026-TMC, Dkts. 1, 6 & 8-1.  The Court recently dismissed that action for failure to state a claim upon which relief may be granted.  *See id.*, Dkt. 21 (recommending dismissal with prejudice) & Dkt. 27 (dismissing without prejudice given a possible request for voluntary dismissal, with consideration of Plaintiff's pro se status, and out of an abundance of caution).

/ / /

<u>DISCUSSION</u>

The above-described bar order and case management orders are not applicable to the current matter given Plaintiff's payment of the filing fee.  However, the fact that Plaintiff paid the filing fee does not preclude the Court from screening the complaint to determine if this action should be permitted to proceed.  As explained by the Ninth Circuit, "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" upon which relief may be granted.  *Sparling v. Hoffman Construction Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988), *abrogated on other grounds by Smith v. Spizzirri*, 601 U.S. 472 (2024); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  *See also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, and may be dismissed *sua sponte* before service of process.") (internal and other citations omitted), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

To state a claim for relief, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

A complaint is subject to dismissal where it fails to present sufficient facts to state a claim for relief ""that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the

1    defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide

2    detailed factual allegations, it must give rise to something more than mere speculation that

3    plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. Dismissal may be based on either the

4    lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

5    legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6        Plaintiff here brings a claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff

7    must show he suffered a violation of rights protected by the Constitution or created by federal

8    statute, and that the violation was proximately caused by a person acting under color of state or

9    federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420

10   (9th Cir. 1991). A plaintiff must allege he suffered a specific injury as a result of the conduct of

11   a specific defendant, and must allege an affirmative link between the injury and the defendant's

12   conduct. *See Rizzo v. Goode*, 423 U.S. 362, 370-72, 377 (1976). A defendant cannot be held

13   liable solely on the basis of supervisory responsibility or position. *Monell v. Department of*

14   *Social Servs., of City of New York*, 436 U.S. 658, 691-94 (1978); *Taylor v. List*, 880 F.2d 1040,

15   1045 (9th Cir. 1989). A plaintiff must allege facts showing how individually named defendants

16   caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*,

17   637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations do not suffice; a plaintiff

18   must set forth specific facts showing each defendant's causal role in the alleged constitutional

19   violation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

20       Plaintiff alleges he has been exposed to asbestos since 2004, that he was informed about

21   the asbestos a year ago, that efforts began at that time to remove the asbestos and remain

22   ongoing, and that the named Defendants knew or had a duty to know about the asbestos and

23

failed to act.  Dkt. 5-1 at 2-3.  As discussed below, these allegations remain deficient for the same reasons previously identified by the Court.

Plaintiff does not provide fair notice of his claim and the grounds upon which it rests. Plaintiff identifies this matter as proceeding pursuant to 42 U.S.C. § 1983, but does not specify any federal constitutional or statutory basis for his claim.  *See* Dkt. 5-1.  Plaintiff therefore does not provide fair notice of his claim for relief.

Nor is the Court able to discern the legal or factual basis for Plaintiff's claim.  For example, and as the Court previously advised, *see Scott v. Devos*, C25-5026-TMC, Dkt. 4 at 4, a plaintiff seeking to pursue a conditions of confinement claim must show:  (1) the defendant made an intentional decision regarding the conditions under which the plaintiff was confined; (2) those conditions posed a substantial risk of serious harm to the plaintiff; (3) the defendant failed to take reasonable measures to mitigate that risk, despite the obvious nature of the risk to a reasonable person in similar circumstances; and (4) the defendant's failure to act caused the plaintiff's injuries.  *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).  In this case, Plaintiff does not set forth any facts supporting a contention that Defendants made intentional decisions, placing Plaintiff at substantial risk of serious harm, failed to take reasonable measures to mitigate that risk, and that such inaction caused Plaintiff injury.  Plaintiff also concedes that efforts to remove the asbestos began at the time residents were advised of its existence and remain ongoing.

In responding to the Order to Show Cause, Plaintiff asserts he is not required to identify an injury because he is a civil detainee.  *See* Dkt. 5.  He points to case law as supporting the contention that civil detainees need only assert exposure to an imminent danger in order to state a claim, and states that he received compensation as a part of a settlement related to the exposure

to contaminated water despite the fact he did not allege an injury.  *See id*. at 1-2.  The Court

notes that the cases cited by Plaintiff included allegations of injuries suffered as a result of

exposure to environmental tobacco smoke (ETS) and contaminated water.  *See, e.g., Malone v.*

*Strong*, C16-5284-RJB, Dkt. 215 at 16 (discussing issues of fact as to whether alleged failure to

act in relation to contaminated water caused harm, and noting plaintiffs' complaints of "various

health issues related to the water including gastrointestinal upset and skin issues[,]" and expert

opinion that plaintiffs were "'exposed to contaminants and elements which, on a more probable

than not basis, caused subacute and chronic adverse health consequences . . . including stomach

ailments, skin rash and skin irritation,' as well as the physical, mental and emotional injuries"

alleged in the complaint) (citations omitted);[1] *Malone v. Quigley*, C14-5974-JCC-JRC, Dkt. 223

at 16 (describing declarations attesting to injuries suffered from ETS exposure, including asthma

requiring an inhaler, a chronic cough, and allergies to cigarette smoke, with symptoms including

headaches, trouble breathing, sore throats, eye irritation, nausea, and sinus irritation) (citations

omitted).  Moreover, even assuming Plaintiff could proceed without alleging an injury, he does

not identify any facts supporting a contention that Defendants made intentional decisions,

placing him at substantial risk of serious harm, and failed to take reasonable measures to mitigate

that risk.  Plaintiff therefore fails to sufficiently state a conditions of confinement claim.

 In addition, whatever the precise claim Plaintiff intended to raise in the amended

pleading, he fails to allege facts showing that any of the named Defendants caused or personally

participated in causing the alleged harm.  He instead states simply that Devos informed SCC

residents about the asbestos, and that Devos, as the CEO of SCC, and Cunningham, Dr.

---

[1] The Court bifurcated a separate action filed by Plaintiff and allowed him to join his claim concerning contaminated water to the related case of *Malone v. Strong*, C16-5284-RJB.  *See Scott v. Van Hook*, C16-5785-RBL, Dkt. 59.

Richards, Strong, Sjan Talbert, Flynn, and Van Hook, as former CEOs or superintendents of SCC, knew or had a duty to know about the asbestos and should be liable for their failure to act. The proposed pleading lacks any specific facts showing the roles played by the named Defendants in an alleged constitutional violation.

Plaintiff, in sum, fails to state a claim upon which relief may be granted. His allegations are vague, devoid of supportive facts, and no more than conclusory. The insufficiency of the pleading is further notable in light of the fact the Court very recently advised Plaintiff of these same deficiencies in pleading in a different case. *See Scott v. Devos*, C25-5026-TMC, Dkts. 4 & 21. This matter should, accordingly, be dismissed.

CONCLUSION

The Court finds that the proposed amended pleading fails to state a claim upon which relief may be granted. The Court therefore finds Plaintiff's claims subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1), and recommends this case be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

/ / /

/ / /

1    ready for consideration by the District Judge on **August 11, 2025**.

2        Dated this 25th day of July, 2025.

3

4                                          S. KATE VAUGHAN
                                           United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 8